# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH NEVILLE, on behalf of himself and all others similarly situated, | Case No. 3:18-cv-00368-WHR |
| Plaintiff, | District Judge Walter H. Rice |
| vs. | Magistrate Judge Michael J. Newman |
| NELSON TREE SERVICE, LLC, | |
| Defendant. | |

## **STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order, accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, subpoena responses, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosures for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in this Court, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Court's Local Rules and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation.

Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The failure to designate documents as CONFIDENTIAL, however, shall not be deemed a waiver of confidentiality so long as the documents are so designated prior to the commencement of trial. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive business or commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

The parties may agree only in writing to withdraw the designation of CONFIDENTIAL. If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as CONFIDENTIAL shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The document in question will remain subject to the confidentiality provisions of this Order until the court rules on the designation of the document.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Such a designation may be made on the record

during the deposition or by notifying all counsel of the designation in writing within 30 days after the receipt of the transcript. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other person identified in ¶5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order;

(3) **Witnesses.** Witnesses who are deposed in the action or may be called to provide testimony at any trial or hearing in the action;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Consultants, Investigators, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the

3

parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

   **(6)**   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  **(c)**   **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

  **(d)**   **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designed as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e) Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be treated pursuant to the terms of this Protective Order if:

(1) the disclosure of the document or information without the "CONFIDENTIAL" designation is inadvertent; and

(2) the disclosing party promptly took reasonable steps to rectify the error, including, but not limited to, notifying the recipient of the document or information that the document or information should be designated "CONFIDENTIAL."

**6. Filing of CONFIDENTIAL Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum, or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum, or pleading shall refer to the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, before a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**7. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object (hereinafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and nature of the agreement.

**8. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion or any other procedure set forth in the presiding judge's standing order or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be

appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, each party, attorney, and other person subject to the terms hereof shall either return to opposing counsel or destroy all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), provided however, that the attorneys for the parties may maintain the integrity of their files in accordance with applicable Rules of Professional Conduct. Any CONFIDENTIAL documents maintained by counsel, however, shall not be used in connection with any other matter or for any purpose other than the litigation of this case.

(c)     **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11.     **Inadvertent Production of Privileged Documents or Attorney Work Product.** The inadvertent disclosure or production by any party of any document protected by the attorney-client or other privilege or by the attorney work-product doctrine ("Privileged Information") shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection. Upon discovery of the inadvertent disclosure of any Privileged Information, the producing party shall promptly notify all receiving parties of the inadvertent production of any Privileged Information. Any receiving party who has reasonable cause to believe that it has received Privileged Information shall promptly notify the producing party. Upon notice or knowledge of the inadvertent production, any receiving party shall immediately gather and return all copies of the Privileged Information to the producing party. If the parties cannot agree as to the claim of privilege, either of the parties may move the Court for a resolution, in which case the receiving party will sequester the information in question pending a resolution by the Court.

12.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or

information designed CONFIDENTIAL by counsel or the parties are subject to protection under Rule 26(C) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms. The parties agree to be bound by the terms of this Order prior to and subsequent to entry of this Order by the Court.

SO ORDERED.

_____
The Honorable Walter H. Rice

**WE SO MOVE/STIPULATE
AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER**

*/s/ Shannon M. Draher (per email consent)*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
NILGES DRAHER LLC
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
(330) 470-4428
(330) 754-1430 (Fax)
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
NILGES DRAHER LLC
34 N. High Street, Suite 502
Columbus, Ohio 43215
(614) 824-5770
(330) 751-1430 (Fax)
rbaishnab@ohlaborlaw.com

Attorneys for Plaintiff
JOSEPH NEVILLE

*/s/ Timothy S. Anderson*
Timothy S. Anderson (0071593)
Amy Ryder Wentz (0081517)
Alex R. Frondorf (0087071)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
(216) 696-7600
(216) 696-2038 (Fax)
tanderson@littler.com
awentz@littler.com
afrondorf@littler.com

Attorneys for Defendant,
NELSON TREE SERVICE, L.L.C.

# **ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH NEVILLE, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 3:18-cv-00368-WHR |
| Plaintiff, | ) ) ) | District Judge Walter H. Rice |
| vs. | ) ) ) | Magistrate Judge Michael J. Newman |
| NELSON TREE SERVICE, LLC, | ) ) ) | |
| Defendant. | ) ) | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the U.S. District Court for the Southern District of Ohio, Western Division in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____    _____
                                 Signature


FIRMWIDE:163009932.1 100715.1002

12