# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH NEVILLE, on behalf of himself and others similarly situated, | ) )  Case No. 3:18-cv-00368 |
| Plaintiff, | ) )  Judge Walter H. Rice |
| vs. | ) )  Magistrate Judge Michael J. Newman |
| NELSON TREE SERVICE, LLC, | ) )  [____] ORDER OF DISMISSAL ) AND APPROVING SETTLEMENT |
| Defendant. | ) ) ) |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement ("Joint Motion"). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Confidential Collective Action Settlement Agreement ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Shannon M. Draher, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Order of Dismissal and Approving Settlement and approves the Agreement and its Exhibits, the proposed Notice of Collective Action Settlement, the proposed method of calculation of Individual Settlement Payments to the Plaintiffs, the proposed Service Award to the Representative Plaintiff, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of non-exempt hourly employees who were allegedly not paid all of their overtime compensation.

2. On November 8, 2018, Representative Plaintiff filed this case (the "Lawsuit" or the "Action") against Defendant, Nelson Tree Service, LLC, on behalf of himself and other similarly situated current and former employees.

3. In the Action, Representative Plaintiff alleges that Defendant failed to pay him and other similarly-situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, § 201 *et seq.* ("FLSA"). Specifically, Representative Plaintiff alleges that Defendant violated the FLSA by failing to pay him and other similarly-situated employees for the time they spent traveling during their normal workdays to jobs that required an overnight stay. Defendant denies these allegations and asserts that it properly paid its employees, including Representative Plaintiff, for all travel time and all hours worked.

4. On April 18, 2019, the Court conditionally certified a collective action under the FLSA and authorized the issuance of a collective action notice to certain current and former non-exempt employees who performed work for Defendant requiring them to travel and stay overnight at a remote work location since November 8, 2015. Following the distribution of the Court-authorized notice, 269 Opt-In Plaintiffs (including Representative Plaintiff) joined this case.

5. The Parties settled this case at mediation with Lynn Cohn on December 5, 2019.

6. The Settlement will cover 269 Plaintiffs who have joined this case.

7. The Court finds that the proposed Settlement is a fair and reasonable resolution of a *bona fide* dispute and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C.

§ 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel with the assistance of a mediator. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

8. The Court approves the Agreement and its Exhibits, including the proposed Notice of Collective Action Settlement, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the Settlement.

9. The Court finds that the proposed method of calculation of the Individual Settlement Payments to Plaintiffs is fair and reasonable.

10. The Court approves the Service Payment to Representative Plaintiff Joseph Neville in recognition of his service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

12. The Court approves the Waiver and Release set forth in Section IV.B of the Agreement, which is incorporated herein in all respects, as to the Representative Plaintiff and all Opt-in Plaintiffs who joined this Action. The Waiver and Release is effective as of the date of this Order.

13. The Representative Plaintiff and all Opt-in Plaintiffs who joined this Action are barred from filing, commencing, prosecuting, maintaining, intervening in, participating in (as

class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on claims included in the Agreement's Waiver and Release.

14. The terms of the Agreement and this Order are binding on the Representative Plaintiff and all Opt-in Plaintiffs who joined this Action, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effects in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Waiver and Release set forth in the Agreement.

15. Neither this Order nor the Agreement is, may be construed as, or may be used as, an admission or concession by either party, as set forth in the terms of the Agreement.

16. The Court dismisses the claims of the Representative Plaintiff and all Opt-in Plaintiffs who joined this Action with prejudice, and the Court enters final judgment dismissing the Action with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order of Dismissal and Approving Settlement immediately.

17. The Court retains jurisdiction over the Action to enforce the terms of the Settlement.

**SO ORDERED:**

Date: 2-28-20

*[signature]*

Honorable Walter H. Rice
United States District Judge

**SO STIPULATED:**

| | |
|---|---|
| *s/ Shannon M. Draher* | *s/ Timothy S. Anderson* |
| Shannon M. Draher (Ohio Bar No. 0074304) | Timothy S. Anderson (0071593) |
| sdraher@ohlaborlaw.com | Amy Ryder Wentz (0081517) |
| Hans A. Nilges (Ohio Bar No. 0076017) | Alex R. Frondorf (0087071) |
| hans@ohlaborlaw.com | LITTLER MENDELSON, P.C. |
| **NILGES DRAHER LLC** | 1100 Superior Avenue, 20th Floor |
| 7266 Portage St. NW | Cleveland, Ohio 44114 |
| Suite D | (216) 696-7600 |
| Massillon, OH 44646 | (216) 696-2038 (Fax) |
| Telephone: (330) 470-4428 | tanderson@littler.com |
| Facsimile: (330) 754-1430 | awentz@littler.com |
| | afrondorf@littler.com |
| *Attorneys for Plaintiff* | Attorneys for Defendant |